IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BERNADETTE J. MELTON,**

    Plaintiff,

v.     **CASE NO.:**

**KRAFT HEINZ FOODS COMPANY LLC,**

    Serve: Registered Agent
    CT Corporation System
    4701 Cox Rd Ste 285
    Glen Allen, VA 23060-6808

    Defendant.

## COMPLAINT

COMES NOW Plaintiff, Bernadette J. Melton ("Melton" or "Plaintiff"), by counsel, and states the following causes of action against the Defendant, Kraft Heinz Foods Company LLC ("Kraft" or "Defendant"):

### THE PARTIES

1. Plaintiff Melton is a citizen and resident of Hobbsville, North Carolina.

2. Defendant, Kraft, is a Pennsylvania corporation conducting business in the Commonwealth of Virginia.

### JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this matter as it arises from the federal questions presented by the Family and Medical Leave Act ("FMLA"), as amended, codified at 29 U.S.C. §§ 2601 et seq. *See generally* 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(4).

1

4.     Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

STATEMENT OF FACTS

5.     Melton began employment with Defendant in July 1985.

6.     During her nearly thirty-five years of employment with Kraft, Melton maintained a stellar record of satisfactory or better performance.  Melton was never formally chastised or seriously disciplined – until May 2019 when she was injured at work and required time-off to tend to her work-related injury.

7.     At the time of her termination from employment, Melton was a Machine Operator at Defendant's Suffolk, Virginia location.

8.     On May 13, 2019, Melton reported to work and was assigned to "shaker-tables" three and four.  Melton immediately noticed shaker-table was broken and did not operate properly.

9.     Melton immediately reported the broken table to her Team Leader, Tracy Parker ("Parker").  Parker instructed Melton: "Do the best you can with it.  That part is on order."

10.    As a result of shaker-table four's malfunction Melton was forced to continually move heavy objects and pick-up peanuts from the surrounding floor.

11.    Melton completed her shift and cleaned-up her workstation. Melton then walked to her car to head home after work.  Immediately upon sitting down in her car, Melton felt a sharp pain radiating from her lower back all the way up to her neck.   She had not previously felt any pain until sitting down in her car.

12.    The next evening, May 14, 2019, at approximately 9:00 p.m. Melton again reported to work. Prior to starting her shift Melton told Production Supervisor, Jonathan Whitehead ("Whitehead") about her injury: "I hurt my back last night; I didn't know until I got in the car."

13.     Melton began her shift and immediately noticed a sharp pain in her back.  Melton reported the pain to Whitehead.  Melton was then instructed to complete an accident report.

14.     Whitehead then told Melton he was going to seek advice from another supervisor downstairs named "John".

15.     Melton was also told to hold off from any further work that evening until they heard from Melissa Barrenechea ("Barrenechea"), Human Resources Manager.  Melton then sought medical treatment for her injury.

16.     The next morning, on May 15, 2019 at about 8:00 a.m., Barrenechea called Melton to inquiry into her work injury.  Barrenechea informed Melton she had received an email from a supervisor named "John" about Melton's injury.  Melton told Barrenechea she was "still in pain."

17.     Barrenechea told Melton she would speak with Parker and have him "find something light" for Melton to do.  Barrenechea then told Melton to "get some rest" and "take some ibuprofen or Aleve."

18.     On May 17 (a Friday), Melton told Barrenechea over the phone that her back was "on fire" and she could not sleep at all the prior night because of the extreme back pain.  Barrenechea told Melton to stay home that night (*i.e.*, avoid reporting to work) and Kraft would pay her for the shift missed.

19.     On May 20 (a Monday), Barrenechea called Melton to inquire into the injury status.  Melton reported that both her neck and back were still hurting.  Barrenechea told Melton she would make her an appointment at "NowCare" – a medical services provider in Suffolk, Virginia.

20. Melton visited NowCare and was diagnosed with a serious lower back strain. Her physician placed her on light duty with a lifting restriction of five pounds and called for a follow-up appointment.

21. Melton called Barrenechea and informed her of her diagnosis and light duty restrictions. Melton told Barrenechea that her injury would require further medical follow-up. Barrenechea told Melton to "put that in my mailbox" and wished her well.

22. Melton did not hear back from Barrenchea until May 28, 2019. Barrenechea called Melton and told her "We had a meeting about you. Your services are no longer needed. You may call your union representative."

23. Melton then received correspondence from Barrenchea dated May 28, 2019 informing her that she was terminated for "failing to notify the supervisor on shift, of an injury you sustained while at work, immediately after it occurred."

24. Melton would later offer sworn testimony that Melton was specifically terminated because she reported her work-related injury.

## COUNT I
### Interference with FMLA Rights

25. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

26. Melton worked more than 1,250 hours for Defendant during the 12-month period preceding her termination.

27. Defendant is an FMLA-defined employer. At all times relevant, Defendant was: (a) engaged in commerce and/or in an industry affecting commerce; and (b) an employer of fifty (50) or more employees for each working day during each of twenty (20) calendar workweeks in the current or preceding calendar year.

28. Melton had not exhausted any of her FMLA leave (to which she was entitled) during the 12-month period preceding her termination.

29. Melton's work-related injury required continuing treatment by a health care provider, and included a period of incapacity of multiple days, and subsequent treatment relating to the same condition.

30. Despite being aware of Melton's back injury, and despite being aware that her back injury affected her ability to work, Defendant never informed Melton of her rights under the FMLA, including her right to request and take FMLA leave.

31. Defendant violated the FMLA by:

   a. failing to inform Melton of her right to FMLA leave after learning of her serious health condition;

   b. failing to allow Melton FMLA leave as needed to address her serious health condition;

   c. failing to properly ascertain that Melton's serious health condition required – and qualified her for – FMLA leave and protection; and

   d. terminating Melton's employment after learning of her serious health condition.

32. Defendant's interference with Plaintiff's FMLA rights prejudiced Plaintiff in that she lost compensation and benefits, sustained other monetary losses, and suffered the loss of her employment as a direct result of Defendant's violation(s).

33. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

34. At all times material hereto, Defendant engaged in unlawful or discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of liquidated damages.

35. The above-described acts by Defendant and employees of Defendant constitute unlawful interference with Plaintiff's rights in violation of the Family and Medical Leave Act, as codified under Title 29 of the United States Code §§ 2601 et seq. ("FMLA").

COUNT II
Unlawful Retaliation in Violation of Va. Code § 65.2-308

36. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

37. Virginia prohibits an employee being discharged in retaliation for filing a workers' compensation claim (or intending to file a claim): "No employer or person shall discharge an employee solely because the employee intends to file or has filed a claim under this title or has testified or is about to testify in any proceeding under this title." Va. Code Section 65.2-308.

38. As a result of Plaintiff's filing or intending to file a claim for worker's compensation benefits, Defendant discharged and/or threatened to discharge Plaintiff.

39. Defendant's actions were willful, wanton, and outrageous and without regard for Plaintiff's rights and feelings.

40. As a result of Defendant's actions, Plaintiff has suffered economic, emotional and actual damages.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Bernadette Melton, prays for entry of judgment in favor of Plaintiff and against Defendant Kraft Heinz Foods Company LLC, in the form of the following relief:

a. Back Pay;

b. Front Pay;

c. Actual and Liquidated Damages;

d. Prejudgment and Post Judgment Interest;

e. Attorneys' fees and court costs associated with this suit; and

f. Other such equitable and legal relief as may be appropriate to effectuate the purpose of justice.

Date: April 14, 2021                    Respectfully submitted,

                                        BERNADETTE MELTON

                                        __/s/__Todd M. Gaynor_____
                                        Todd M. Gaynor, Esquire
                                        Virginia Bar No.: 47742
                                        GAYNOR LAW CENTER, P.C.
                                        440 Monticello Avenue, Suite 1800
                                        Norfolk, Virginia 23510
                                        PH: (757) 828-3739
                                        FX: (75) 257-3674
                                        EM: tgaynor@gaynorlawcenter.com

                                        *Counsel for Plaintiff*